```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROMULO A. ZAPATA,                                           :

                        Plaintiff,                          :    12 Civ. 00738 (ALC) (DF)

        -against-                                           :    **REPORT AND**
                                                                 **RECOMMENDATION**
ISABELLA GERIATRIC CENTER,                                  :

                        Defendant.                          :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/1/13

**TO THE HONORABLE ANDREW L. CARTER, JR., U.S.D.J.:**

This *pro se* employment discrimination case has been referred to me for general pretrial supervision, but, based on the failure of plaintiff Romulo A. Zapata ("Plaintiff") to serve the defendant with process or otherwise to prosecute this case, I recommend that the action be dismissed, *sua sponte* and without prejudice, pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff initiated this action in January 2012.[1] On February 14, 2012, the Court directed the Clerk of the Court to issue a Summons, and directed Plaintiff to served the Summons and Complaint upon the defendant within 120 days of the Court's Order. (Dkt. 6.) Further, the Court warned Plaintiff that, if service was not made within the 120 days, and if Plaintiff had not requested an extension of time to serve within the 120 days, his Complaint could be dismissed under Rules 4(m) and 41(b), for failure to prosecute. (*See id.*)

Six months later, on August 15, 2012, having received no indication that the defendant had been served with process and having heard nothing from Plaintiff, this Court mailed Plaintiff

---

[1] Although the Complaint is dated January 27, 2011 (*see* Dkt. 2), the year appears to be a typographical error, as the document was filed on January 30, 2012.

a letter alerting him again to his obligation under Rule 4(m) to serve the defendant within 120 days of filing the action. (Dkt. 9.) In its letter, the Court set out the text of Rule 4(m), including the portion of the Rule that states that, where a plaintiff has not timely effected service, the Court "on motion or on its own after notice to the Plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." (*Id.* (quoting Fed. R. Civ. P. 4(m).) The Court further wrote the following:

> . . . [U]nder Rule 4(m), you were required to serve your Complaint upon the defendant[] by May 29, 2012. Yet, based on the Court's review of the Docket and file in this action, it appears that you have not yet effectuated service.
>
> Rule 4(m) also allows the Court to extend the time for service, and, because you are proceeding in this action without counsel and may not have been aware of the requirements of Rule 4(m), the Court will extend your time for service to **September 14, 2012**. If you need additional time to serve the defendant[], you should inform the Court of your reasons. Any additional extensions will only be made upon a showing of good cause.
>
> If you have not served the defendant[] with the summons and Complaint by September 14, 2012, or shown good cause as to why a further extension of time is required, I will recommend to Judge Carter that the action be dismissed without prejudice.

(*Id.* (emphasis in original).)

It appears, however, that, despite the fact that this Court expressly notified Plaintiff of the service requirements of Rule 4(m), and twice cautioned him of the need to effect timely service on the defendant or risk the dismissal of his action for failure to prosecute, Plaintiff has still not taken even the most basic steps necessary to pursue his case. Plaintiff has apparently failed to effect service on the defendant, and he has not offered the Court any reason at all why service could not be accomplished within the time limits provided by Rule 4(m) and then extended *sua sponte* by the Court.

2

## DISCUSSION

As noted above, Rule 4(m) dictates that, where timely service is not made after notice to the plaintiff, the Court may dismiss the action without prejudice. Further, a plaintiff has a general obligation to prosecute his case diligently, and, if he fails to do so, the Court may dismiss the action under Rule 41(b), for failure to prosecute. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). "A plaintiff's lack of diligence alone is enough for dismissal." *West v. City of New York*, 130 F.R.D. 522, 526 (S.D.N.Y. 1990) (citation omitted); *see also Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 667 (2d Cir. 1980) ("a dismissal is justified for [the plaintiff's] failure to prosecute at all"). The Court need not wait for a motion to dismiss, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962), and is not required to provide notice of the dismissal, *see West*, 130 F.R.D. at 524. Indeed, because district courts are "necessarily vested" with the control required "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," this Court may even dismiss an action *with* prejudice, where a plaintiff fails to prosecute his case. *Link*, 370 U.S. at 630-31.

In the circumstances presented, where a *pro se* plaintiff has failed to effectuate timely service, courts have typically held that dismissal without prejudice is appropriate. *See, e.g., Holton v. City of New York*, 133 F.3d 907 (Table), No. 97-2105, 1998 WL 29825, at *1 (2d Cir. Jan. 27, 1998); *Grant v. Aurora Loan Servs.*, No. 08 Civ. 100 (NGG), 2008 WL 4326532, at *2 (E.D.N.Y. Sept. 2, 2008); *Powell v. Dep't of Corr.*, No. 00 Civ. 5260 (LAK), 2001 WL 1502551, at *2 (S.D.N.Y. Oct. 29, 2001). This would also be consistent with the language of Rule 4(m), which is the Rule most directly relevant to the situation presented here. I therefore recommend that this action be dismissed without prejudice.

3

## CONCLUSION

For the reasons set forth above, I recommend that Plaintiff's claims be DISMISSED without prejudice pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure, and that the case be closed on the Docket of the Court.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, Plaintiff shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6 (providing three extra days for service by mail). Such objections, and any responses to objections, shall be filed with the Honorable Andrew L. Carter, Jr., United States Courthouse, 40 Foley Square, Room 435, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 1660, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Carter. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:   New York, New York
         April 1, 2013

Respectfully submitted,

_____
DEBRA FREEMAN
United States Magistrate Judge

4

Copies To:

Hon. Andrew L. Carter, Jr.

Mr. Romulo A. Zapata
112 Tudor Place Apt. 3A
Bronx, NY 10452